IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rich Bobka, | ) | C/A No. 0:20-1495-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden, *Estill Federal Prison Camp, Estill, South Carolina*, | ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| Michael Bobka, *as Power of Attorney in Fact for Richard Bobka*, | ) ) | C/A No. 0:20-1722-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden, *Estill Federal Prison Camp, Estill, South Carolina*; Federal BOP, *Washington, D.C.*; Michael Carvajal17-, *Director*, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| Michael Bobka, *as Power of Attorney in Fact for Richard Bobka*, | ) ) | C/A No. 0:20-1798-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Warden, *Estill Federal Prison Camp, Estill, South Carolina*; Federal Bureau of Prisons SERO Atlanta, GA, *J.A. Keller, Director*, | ) ) ) | |
| | ) | |
| Respondent. | ) | |
| | ) ) ) ) | |

| | |
|---|---|
| Michael Bobka, *as Power of Attorney in Fact for Richard Bobka*,<br><br>       Petitioner,<br><br>v.<br><br>Warden, *Estill Federal Prison Camp, Estill, South Carolina*; President Trump, *Mar-a-Lago, Palm Beach County, FL*,<br><br>       Respondent. | C/A No. 0:20-1834-JFA-PJG |
| Michael Bobka, *as Power of Attorney in Fact for Richard Bobka*,<br><br>       Petitioner,<br><br>v.<br><br>Warden, *Estill Federal Prison Camp, Estill, South Carolina*; Honorable William Barr, *US Attorney General, McLean, Virginia*,<br><br>       Respondent. | C/A No. 0:20-1851-JFA-PJG |

## ORDER AND
## REPORT AND RECOMMENDATION

  Petitioner Rich Bobka is a federal prisoner. Rich's brother, Michael Bobka, originally filed these actions pursuant to 28 U.S.C. § 2241 on Rich's behalf, purportedly because of Rich's inability to file the actions due to the conditions of his federal prison and the COVID-19 pandemic. Michael filed Civil Action No. 0:20-1495 in this court. The other nearly identical actions were filed in other United States District Courts and transferred here. This Report and Recommendation will address the matters before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) in Civil Action No. 20-1495, but the disposition of this action is dispositive as to all of the cases listed in the above caption.

In Civil Action No. 0:20-1495, the court terminated Michael as the petitioner because he is not the real party in interest and directed Petitioner Rich Bobka to file his own petition. Now, having reviewed the Petition and Supplemental Petition (ECF Nos. 23 & 24) in accordance with applicable law, the court concludes that this matter should be summarily dismissed.

**I.     Factual and Procedural Background**

Petitioner Rich Bobka is a federal inmate at the Federal Correctional Institution in Estill, South Carolina. Petitioner indicates he suffers from a heart condition, regular chest pains, high blood pressure, and high cholesterol.[1] (Bobka Aff., ECF No. 22-2 at 3-4.) Petitioner claims that these conditions place him at a "significantly higher risk of serious illness or death from COVID-19" and the prison medical staff is either deliberately or intentionally indifferent to his health and well-being. (Id.) Petitioner indicates that the conditions of the prison—including damage from a recent tornado, a leaking roof, black mold, poor ventilation, lack of food nutrition, lack of recreation, and a constant state of lockdown—increases his risk of serious illness or death from COVID-19. (Bobka Aff., ECF No. 22-3 at 1-4.) Petitioner argues that these conditions violate his civil rights. (Pet., ECF No. 23 at 8; Suppl. Pet., ECF No. 24 at 22-23.) Petitioner asks the court to order the Bureau of Prisons to move him to home confinement. (Id. at 9; Suppl. Pet., ECF No. 24 at 25-26.)

---

[1] Petitioner has unsuccessfully tried to file medical documents under seal in this court to support the allegations in his Petition. (ECF Nos. 14 & 22.) However, Petitioner need not submit medical evidence at this time. For the purposes of reviewing this court's jurisdiction over this matter, the court assumes that the allegations in the Petition are true. Consequently, Petitioner's motion for an emergency extension of time to file the documents under seal is terminated as moot. (ECF No. 22.) However, as explained in the court's June 25 order (ECF No. 17), Petitioner may attempt to file documents under seal (or redacted documents) pursuant to Federal Rule of Civil Procedure 5.2. and Local Civil Rule 5.03 (D.S.C.).

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[2] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.     Analysis

The court finds that this matter should be summarily dismissed. Initially, the court questions whether it has jurisdiction over Petitioner's § 2241 petition. Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a

---

[2] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

federal conviction and sentence is through a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under 28 U.S.C. § 2241 is generally the proper method to challenge the computation or execution of a federal sentence. See United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004); United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence rather than the sentence itself").  However, where a prisoner merely challenges the conditions of his confinement, even where he seeks injunctive relief to remedy those conditions, those claims are generally more properly brought in a non-habeas civil rights action. See Rodriguez v. Ratledge, 715 F. App'x 261, 266 (4th Cir. 2017) (finding that the petitioner's conditions of confinement claims were not properly raised in a § 2241 petition); but see Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (finding § 2241 was the proper vehicle to challenge the petitioner's place of imprisonment, including the differences in the manner and conditions of imprisonment that distinguish between community confinement programs and federal prison facilities).

Regardless, the court lacks the authority to order Petitioner's release into home confinement—the only relief he seeks here.  The CARES Act, Pub. L. 116-136, Mar. 27, 2020, 134 Stat 281, empowers the Attorney General and Bureau of Prisons ("BOP") Director to lengthen the amount of time an inmate can serve his sentence on home confinement. See 18 U.S.C. § 3624 (authorizing the BOP to place prisoners in home confinement).  The BOP's authority on where to house inmates is completely discretionary and not subject to judicial review. See McCarson v. Reherman, C/A No. 2:20-1386-HMH, 2020 WL 2110770 (D.S.C. May 4, 2020) ("[W]hile the CARES Act affords the BOP broad discretion during the COVID-19 pandemic, the court lacks jurisdiction to order home confinement for McCarson under this provision."); United States v.

Berry, CR No. 1:18-430, 2020 WL 1984117, at *3 (M.D. Pa. Apr. 27, 2020) (finding the CARES Act did not provide the petitioner with any basis to seek home confinement in a § 2241 petition); Valenta v. Ortiz, No. 1:20-CV-3688 (NLH), 2020 WL 1814825, at *1 (D.N.J. Apr. 9, 2020) (dismissing a CARES Act claim in an emergency motion for release because the Act did not mandate home confinement for any class of inmate and the decision was discretionary for the Attorney General).  Therefore, the court lacks authority to provide the only relief Petitioner seeks in the Petition.

The court notes Petitioner recently filed a similar action in the court in which he was sentenced—the United States District Court for the Middle District of Florida.  United States v. Bobka, Cr. No. 8:10-cr-550.  Petitioner moved for compassionate release in the sentencing court pursuant to 18 U.S.C. § 3582, but the sentencing court denied the motion because Petitioner failed to present any extraordinary or compelling circumstances to warrant compassionate release and he failed to exhaust his administrative remedies as to some of the circumstances he sought to rely on.  Cr. No. 8:10-cr-550, ECF No. 1487.  To the extent Petitioner seeks to raise similar claims in this court, the court lacks jurisdiction; and Petitioner must file such a motion in his sentencing court.  See Deffenbaugh v. Sullivan, No. 5:19-HC-2049-FL, 2019 WL 1779573, at *2 (E.D.N.C. Apr. 23, 2019) (dismissing a § 2241 petition seeking compassionate release because such a request had to be filed in the petitioner's sentencing court).[3]

---

[3] The docket of Petitioner's sentencing court indicates Petitioner continues to litigate the motion for a compassionate release through an appeal, and he recently retained counsel.

### III.     Conclusion

Accordingly, the court recommends that the above-captioned cases be dismissed without prejudice and without requiring the respondents to file a return.[4]

_____

August 3, 2020                                       Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

---

[4] Petitioner indicates he has not received mailings from the court, and that his brother has kept him informed about the court's actions. (ECF No. 22.) Review of the docket shows that no mailings from the court have been returned to the Clerk of Court as undeliverable, and the last documents mailed to Petitioner were properly addressed with the mailing address provided by Petitioner. If Petitioner continues to not receive mail from the court, he should attempt to address the issue at the institution where he is confined.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).